# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARK A. WARD,<br>Plaintiff,<br><br>v.<br><br>PETER E. MALONEY, PLAN ADMINISTRATOR,<br>Defendant. | C.A. No. 05-093 T |

## DEFENDANT'S MOTION TO TRANSFER

Defendant Peter E. Maloney, Plan Administrator, by counsel, moves this Court to transfer this case to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. §§ 1404(a). The grounds for Defendant's motion are set out in the accompanying Memorandum of Law filed herewith.

PETER E. MALONEY, Plan Administrator

By His Attorneys,

PARTRIDGE SNOW & HAHN LLP

Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

10

Of Counsel:

WILLCOX & SAVAGE, P.C.

William M. Furr
1800 Bank of America Center
Norfolk, VA 23510
(757) 628-5500
(757) 628-5566

DATED: April 14, 2005

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing DEFENDANT'S MOTION TO TRANSFER was sent by certified mail, return receipt requested, and first class mail, postage prepaid, on this 14th day of April, 2005 to:

Mark A. Ward, *Pro Se*
170 Summitt Street
No. 21
Rural Hall, NC 27045

794803_1/1095-9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| MARK A. WARD,<br>Plaintiff,<br><br>v.<br><br>PETER E. MALONEY, PLAN ADMINISTRATOR,<br>Defendant. | C.A. No. 05-093 T |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER**

Defendant Peter E. Maloney, Plan Administrator, by counsel, moves this Court to transfer this case to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. §§ 1404(a). The grounds for Defendant's Motion are as follows.

**Background Facts**

Plaintiff was a participant in the LIN Television Corp. Retirement Plan, a covered plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendant Peter E. Maloney ("Maloney") is the Plan Administrator. Plaintiff currently resides in Rural Hall, North Carolina within the Middle District of North Carolina.

In January 2001, Plaintiff applied for early retirement benefits under the Plan, alleging that he was totally disabled and entitled to receive his retirement benefits early under the disability retirement provision of the Plan. Defendant denied Plaintiff benefits by letter dated January 22, 2002 because he failed to present sufficient evidence that he was disabled.

In May 2002, Plaintiff filed a lawsuit in the Middle District of North Carolina seeking early retirement benefits. Exhibit 1 (Complaint).[1] On June 15, 2004, the United States District Court for the Middle District of North Carolina granted Maloney's Motion for Summary Judgment. Exhibit 2. On November 9, 2004, the U.S. Court of Appeals for the Fourth Circuit affirmed the lower court's ruling. Exhibit 3.

Plaintiff filed a second action on September 10, 2003, in the United States District Court for the District of Rhode Island, alleging that Maloney breached his fiduciary duties. *Ward v. Maloney*, C.A. No. 03-416 T. Exhibit 4. In his Complaint for breach of fiduciary duty, Plaintiff sought the same relief based on the same allegations as his first claim. This court transferred the second action to the Middle District of North Carolina. Exhibit 5. The second action is currently pending in that court.

Plaintiff filed this third action on February 28, 2005, alleging that Maloney failed to provide Plaintiff with a copy of the LIN Television Corporation Retirement Plan's summary of material modifications. Maloney denies this allegation.

Because Plaintiff's Complaint arises out of the same allegations supporting the action already pending in the Middle District of North Carolina, the two actions should be consolidated in the interests of judicial economy. However, because the actions are pending in two different districts, this action must first be transferred to the Middle District of North Carolina so that it can be consolidated under Federal Rule of Civil Procedure 42. *See Smith v. City of New York*, No. 00 Civ. 5273 PKL, 2000 WL 991671 (S.D.N.Y. July 19, 2000) (noting requirement that case be transferred to same district as prior action in order to consolidate under

---

[1] Plaintiff originally filed his Complaint in North Carolina State Court. Defendant removed the action to the United States District Court for the Middle District of North Carolina under federal question jurisdiction.

Federal Rule of Civil Procedure 42). Accordingly, Maloney moves this Court to transfer this action to the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a).

Plaintiff should not be opposed to this transfer, as he currently resides in the Middle District of North Carolina. Further, the facts of this case weigh in favor of transfer. First, the Middle District of North Carolina is a district court in which this action could have been brought because Plaintiff could have amended his pending suit to add his claim for breach of Sections 104(b)(4) and 502(c) of ERISA. Second, the Middle District of North Carolina is more convenient for the parties and witnesses because the parties have already conducted a great deal of discovery in the other actions and most non-party witnesses live in either the Middle District of North Carolina or the Eastern District of Virginia. Finally, transfer will eliminate the possibility of inconsistent judgments.

**Argument**

Under 28 U.S.C. § 1404(a), venue may be transferred "[f]or the convenience of the parties" or "in the interest of justice." 28 U.S.C. § 1404(a); *see also Ebalah v. Republic Ins. Co.,* 879 F. Supp. 3 (D.R.I. 1995). "Whether a case should be transferred pursuant to 1404(a) is a matter within the court's discretion and requires an individualized, case-by-case consideration of convenience and fairness." *Id.* at 4 (internal quotations omitted). An action should be transferred where the movant can establish:

1. The availability of an alternative forum in which the plaintiff may litigate its claim;
2. That the alternative forum is more convenient for the parties and the witnesses; and
3. That transfer will serve the interests of justice.

*Id.* (citations omitted). Maloney can establish all three of the above requirements in this case.

First, Plaintiff's North Carolina suit is brought under ERISA and stems from similar core facts. Plaintiff could have amended his North Carolina suit to add an additional

claim under ERISA. Accordingly, the Middle District of North Carolina is an alternative forum in which Plaintiff may litigate his claim.

Second, the parties have already completed a great deal of discovery in the Middle District of North Carolina. Because this case is based on similar core facts as the Middle District of North Carolina action, transfer will be more convenient for both parties. Most of the non-party witnesses in this case are located either in the Middle District of North Carolina or the Eastern District of Virginia. Further, Plaintiff resides in the Middle District of North Carolina, and should not be opposed to Defendant's Motion to Transfer. Accordingly, the Middle District of North Carolina is a more convenient forum for the parties and witnesses.

Finally, the interests of justice weigh heavily in favor of transferring this case to the Middle District of North Carolina. First, transfer will allow both cases to be consolidated, preserving judicial resources. Second, because the Middle District of North Carolina action has already been pending for over a year, transfer and consolidation will avoid duplication of effort by both parties.

## Conclusion

Maloney respectfully requests that this Court transfer this case to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a). Plaintiff should not object to this transfer as he resides in the Middle District of North Carolina. This Court should transfer the action to the Middle District of North Carolina because: (1) it is an alternative forum where Plaintiff may litigate his claim; (2) it is a more convenient forum for the parties and witnesses; and (3) transfer serves the interests of justice because consolidation will prevent the parties from duplicating effort and conserve judicial resources. Consequently, Maloney's Motion should be granted.

PETER E. MALONEY, Plan Administrator

By His Attorneys,

PARTRIDGE SNOW & HAHN LLP

Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

Of Counsel:

WILLCOX & SAVAGE, P.C.

William M. Furr
1800 Bank of America Center
Norfolk, VA 23510
(757) 628-5500
(757) 628-5566

DATED: April 14, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER was sent by certified mail, return receipt requested, and first class mail, postage prepaid, on this 14 day of April, 2005 to:

Mark A. Ward, *Pro Se*
170 Summitt Street
No. 21
Rural Hall, NC 27045

792884_1/1095-9

FILED
2005 APR 14 P 3: 29

**STATE OF NORTH CAROLINA**

File No. 05CVS3284

FORSYTH County

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
MARK A. WARD
*Address*
3421 OLD VINEYARD RD. #B 11
*City, State, Zip*
WINSTON-SALEM, NC 27103

**VERSUS**

*Name Of Defendant(s)*
PETER E. MALONEY

# CIVIL SUMMONS

G.S. 1A-1, Rules 3,

☐ Alias and Pluries Summons

*Date Last Summons Issued*

**To Each Of The Defendant(s) Named Below:**

*Name And Address Of Defendant 1*
PETER E. MALONEY, Plan Administrator

(SERVE UPON: ATTENTION: SECRETARY
LIN TELEVISION CORP.
ONE RICHMOND SQUARE,
SUITE 230E
PROVIDENCE, RI 02906)

*Name And Address Of Defendant 2*

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

*Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*
MARK A. WARD, pro se
3421 OLD VINEYARD RD. #B 11
WINSTON-SALEM, NC 27103

*Date Issued* 5-13-03 *Time* 1:15 ☐ AM ☒ PM
*Signature*
☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

☐ ENDORSEMENT
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days.

*Date Of Endorsement* *Time* ☐ AM ☐ PM
*Signature*
☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Name Of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Name Of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Date Received | Name Of Sheriff |
|---|---|---|
| Paid By | Date Of Return | County |
| | | Deputy Sheriff Making Return |


©1997 Administrative Office of the Co

NORTH CAROLINA ) IN THE GENERAL COURT OF JUSTICE
)
FORSYTH COUNTY ) SUPERIOR COURT DIVISION
00 CVS 3289

MARK A. WARD,
Plaintiff,

vs.

PETER E. MALONEY,
Plan Administrator,

(SERVE UPON: ATTENTION: SECRETARY
LIN TELEVISION CORP.
ONE RICHMOND SQUARE,
SUITE 230E
PROVIDENCE, RI 02906)

Defendant.

**COMPLAINT**

1. PLAINTIFF, MARK A. WARD, IS AN INDIVIDUAL, CITIZEN AND RESIDENT OF THE STATE OF NORTH CAROLINA, RESIDING THEREIN AT 3421 OLD VINEYARD RD. #B 11, WINSTON-SALEM.

2. DEFENDANT, PETER E. MALONEY IS THE PLAN ADMINISTRATOR FOR LIN TELEVISION CORP., A CORPORATION DULY ORGANIZED AND EXISTING UNDER THE LAWS OF A STATE OTHER THAN NORTH CAROLINA WITH ITS PRINCIPAL PLACE OF BUSINESS FOR PURPOSES OF SERVICE LOCATED AT ONE RICHMOND SQUARE, SUITE 230E, PROVIDENCE, RI 02906.

3. PLAINTIFF, MARK A. WARD IS A PARTICIPANT COVERED UNDER THE DISABILITY PROVISION OF A BENEFITS CONTRACT BETWEEN PLAINTIFF AND DEFENDANT.

4. AS A RESULT OF A MEDICAL CONDITION, PLAINTIFF QUALIFIED AND IS ELIGIBLE TO RECEIVE BENEFITS FROM DEFENDANT FOR DISABILITY, AS DEFINED UNDER THE TERMS OF THE CONTRACT.

BREACH OF CONTRACT

5. THEREAFTER, PLAINTIFF APPLIED FOR DISABILITY BENEFITS FROM DEFENDANT RESULTING IN LETTER OF DENIAL DATED JANUARY 22, 2002. EXHIBIT 1.

6. PURSUANT TO THE CONTRACT BETWEEN PLAINTIFF AND DEFENDANT, MEDICAL EVIDENCE IS REQUIRED TO PROVE DISABILITY. EXHIBIT 2.

7. PLAINTIFF HAS PROVIDED DEFENDANT WITH A PREPONDERANCE OF MEDICAL EVIDENCE FROM 4 PHYSICIANS, PROVING PLAINTIFF'S DISABILITY. EXHIBITS 3,4,5,6,7, AND 8.

8. DEFENDANT HAS IMPOSED A MORE STRINGENT STANDARD OF DISABILITY ON PLAINTIFF THAN THE CONTRACT PROVISIONS REQUIRE BY DEFENDANT REQUIRING THAT PLAINTIFF PROVIDE A SOCIAL SECURITY ADMINISTRATION DETERMINATION TO PROVE DISABILITY. EXHIBIT 1, PARAGRAPH 2.

9. DEFENDANT HAS INTERPRETED THE PROVISIONS OF THE CONTRACT IN A MANNER THAT IS INCONSISTENT WITH ITS PLAIN WORDS BY CONCLUDING THAT PLAINTIFF CAN SUPPOSEDLY OBTAIN AND QUALIFY FOR SOME UNSPECIFIED ALTERNATIVE TYPE OF OCCUPATION OTHER THAN WHAT PLAINTIFF IS QUALIFIED FOR BY TRAINING, EDUCATION AND EXPERIENCE. EXHIBIT 1, PARAGRAPH 3.

10. PLAINTIFF PROCEEDED TO FOLLOW APPEAL PROCESS PROVIDED BY DEFENDANT AND PURSUANT TO THE TERMS OF THE CONTRACT UNDER "CLAIM APPEALS", DEFENDANT IS REQUIRED TO PROVIDE PLAINTIFF WITH A WRITTEN RESPONSE WITHIN 60 DAYS. EXHIBIT 9.

11. OVER 90 DAYS HAS ELAPSED AND DEFENDANT HAS FAILED TO PROVIDE PLAINTIFF WITH AN "APPROVED" OR "DENIED" RESPONSE.

12. AS A RESULT OF PLAINTIFF'S PERMANENT DISABILITY, IT IS AVERRED THAT PLAINTIFF HAS BEEN UNABLE TO ENGAGE IN ANY OCCUPATION OR PERFORM ANY WORK FOR WHICH HE IS QUALIFIED BY TRAINING, EDUCATION OR EXPERIENCE AND THUS MEETS THE DEFINITION UNDER THE CONTRACT OF DISABILITY. EXHIBIT 2.

13. ON MAY 11, 2002, PLAINTIFF WAS 45 YEARS OF AGE.

14. AFTER PLAINTIFF HAD BEEN DISABLED, 45 YEARS OF AGE AND WITH 10 OR MORE YEARS OF VESTING SERVICE, AS REQUIRED UNDER THE CONTRACT, DEFENDANT HAS REFUSED TO PAY BENEFITS TO PLAINTIFF BEGINNING ON THE FIRST OF THE MONTH FOLLOWING PLAINTIFF'S DISABILITY ELIGIBILITY DATE AS REQUIRED UNDER THE TERMS OF THE CONTRACT FOR DISABILITY.

15. DEFENDANT HAS WRONGFULLY AND IN VIOLATION OF THE TERMS OF THE CONTRACT REFUSED TO MAKE PAYMENTS TO PLAINTIFF AND STILL FAILS AND REFUSES TO PAY PLAINTIFF $1,276.42 PER MONTH AND CONTINUING ALTHOUGH PLAINTIFF HAS MADE REQUEST THEREFOR.

16. PLAINTIFF HAS PERFORMED ALL THE CONDITIONS OF THE CONTRACT TO BE PERFORMED ON HIS PART.

17. UNDER THE TERMS OF THE CONTRACT, DEFENDANT IS LIABLE TO PLAINTIFF FOR $1,276.42 PER MONTH FROM JUNE 1, 2002 AND DUE CONTINUOUSLY THE FIRST OF EACH MONTH THEREAFTER PLUS COSTS ARE DUE AND PAYABLE AS A RESULT OF DEFENDANT'S FAILURE TO PAY BENEFITS UNDER THE TERMS OF THE CONTRACT.

WHEREFORE, PLAINTIFF, MARK A. WARD, PRAYS THAT THIS COURT AWARD ALL DISABILITY BENEFITS DUE AND PLAINTIFF'S RIGHT TO FUTURE BENEFITS THAT HE IS RIGHTLY ENTITLED TO RECEIVE FROM DEFENDANT, COSTS AND SUCH OTHER RELIEF AS THE COURT DEEMS JUST AND PROPER.

DATED: May 13, 2002.

Mark A. Ward

MARK A. WARD, pro se
3421 OLD VINEYARD RD. #B 11
WINSTON-SALEM, NC 27103
PH. & FAX (336) 760-0282

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING COMPLAINT WAS SENT VIA CERTIFIED MAIL, TO PETER E. MALONEY, ATTENTION SECRETARY, LIN TELEVISION CORP., ONE RICHMOND SQUARE, SUITE 230E, PROVIDENCE, RI 02906, THIS 13th DAY OF MAY, 2002.

Mark A. Ward

74.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARK A. WARD,<br><br>Plaintiff,<br><br>v.<br><br>PETER E. MALONEY, Plan Administrator,<br><br>Defendant. | ) | 1:02CV00467 |

FILED JUN 14 2004 IN THIS OFFICE Clerk, U. S. District Court Greensboro, N. C. By

MEMORANDUM OPINION

OSTEEN, District Judge

Plaintiff Mark A. Ward brought this action challenging Defendant Peter E. Maloney's denial of benefits under a retirement plan governed by the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 et seq. Now pending before the court are Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment.[1] For the reasons

---

[1] In his response to Plaintiff's cross-motion, Defendant notes that Plaintiff has failed to provide notice of his intent to file a dispositive motion, see LR 56.1(a), and has filed his motion too late after the close of discovery, see LR 56.1(b). Plaintiff responds that filing a cross-motion for summary judgment is a proper form of response to a motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, and, in any event, is not governed by Local Rule 56.1. Regardless of whether Rule 56(c) permits this type of filing, Local Rule 56.1 is clear that it applies to "dispositive motions" of which cross-motions for summary judgment are clearly contemplated. Compliance with the Local Rules is critical to the proper and timely functioning of the court. See, e.g., Boyles v.
(continued...)

herein, Defendant's motion will be granted and Plaintiff's motion will be denied.

I. BACKGROUND

Plaintiff is a former employee of WAVY-TV, an affiliate of LIN Broadcasting Corporation. Although Plaintiff separated from WAVY-TV in 1993, he remains a participant in the LIN Broadcasting Corporation Retirement Plan (the "Plan"), of which Defendant is plan administrator.

In January 2002, Plaintiff submitted a request for disability benefits under the Plan to Defendant, asserting that he had become disabled in 1997. Reviewing the evidence submitted by Plaintiff, Defendant denied benefits on January 22, 2002. Plaintiff sought to appeal the decision, but before a medical evaluation by a doctor chosen by Defendant could take place, Plaintiff filed this action in state court. On June 12, 2002, Defendant removed the action to this court. Now pending are motions for summary judgment filed by both parties.

---

[1](...continued)
United States, 171 F. Supp. 2d 556, 559 (M.D.N.C. 2001) ("[I]t has long been the standard policy of the judges of this Court that motions which are not filed in accordance with the requirements of the Local Rules will not be considered except in extraordinary circumstances."). Despite the importance of complying with the Local Rules, the court may consider an untimely motion if "its consideration will not cause delay to the proceedings." LR 56.1(g). In this case, since the court is currently addressing Defendant's motion and the issues raised in Plaintiff's motion are essentially the same, the court will, in its discretion, consider Plaintiff's untimely motion.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates that there is no genuine issue of material fact, thus entitling the moving party to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). The basic question in a summary judgment inquiry is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986). Summary judgment should be granted unless a reasonable jury could return a verdict in favor of the nonmovant on the evidence presented. McLean v. Patten Communities, Inc., 332 F.3d 714, 719 (4th Cir. 2003) (citing Anderson, 477 U.S. at 247-48, 106 S. Ct. at 2509-10).

In order to determine the standard of review for reviewing a denial of benefits under ERISA, a court must first determine whether the language of the plan grants the administrator discretion to determine the claimant's eligibility for benefits. Gallagher v. Reliance Standard Life Ins. Co., 305 F.3d 264, 268 (4th Cir. 2002). If the plan grants discretion to the administrator, the standard of review is abuse of discretion. Feder v. Paul Revere Life Ins. Co., 228 F.3d 518, 522 (4th Cir. 2000). If, on the other hand, the plan does not grant

discretion, this court's review of the decision is de novo. Gallagher, 305 F.3d at 268. Rather than requiring the use of "specific phrases" in a plan to grant discretion, the Fourth Circuit considers whether "the terms of a plan indicate a clear intention to delegate final authority to determine eligibility to the plan administrator." Feder, 228 F.3d at 522-23.

In this case, the Plan defines Disability as follows:

> [p]hysical or mental incapacity which is likely to be permanent and which prevents a Participant from engaging in any occupation or performing any work for compensation or profit for which he is qualified by education, training or experience, as determined by the Committee[2] in its sole discretion on the basis of medical evidence certified by a physician or physicians certified by it.

(Def.'s Mot. Summ. J. Ex. C1 at 3-4.)

The use of the phrase "in its sole discretion" seems designed to ensure that courts would conclude this language creates a discretionary decision. Moreover, this language appears to create a subjective standard, leaving any decisions to Defendant. See Elliott v. Sara Lee Corp., 190 F.3d 601, 605 & n.4 (4th Cir. 1999) (holding that a plan requiring that all proof submitted in support of a claim "be acceptable to the

---

[2] The "Committee" referred to is a group of at least three people appointed by the Board of Directors of LIN Broadcasting to govern the Plan. (See Def.'s Mot. Summ. J. Ex. C1 Art. IX.) Although the definition of Disability indicates that the Committee determines eligibility for benefits, the Committee can delegate its authority to an individual, with claimants having a right of appeal to the Committee itself. (Id. Art. X.) In this case, Defendant was the individual designated by the Committee to exercise its authority in making initial eligibility determinations.

administrator, which shall have sole discretion in determining the acceptability of such proof" created discretionary authority). But see Gallagher, 305 F.3d at 269 (concluding that plan language stating "[w]e will pay a Monthly Benefit if the Insured . . . submits satisfactory proof of Total Disability to us" created an objective, non-discretionary standard) (alteration in original); Feder, 228 F.3d at 523 (holding that a requirement to submit written proof of disability and "proof to verify the continuance of any disability" established an objective standard). Because the court concludes that the Plan in this case does grant Defendant discretion in making benefit decisions, his decision will be reviewed for abuse of discretion.

B. Plaintiff's Eligibility for Benefits

Defendant first argues that, as a matter of law, Plaintiff is not eligible for benefits under the Plan. In general, the Plan provides that benefits commence on the first day of the month following the month in which a participant turns 65 or the month in which he retires, if after the participant turns 65. (Def.'s Mot. Summ. J. Ex. C1 ¶ 6.1(a).) A participant may elect to receive benefits early, although they will be reduced according to a formula set forth in the Plan. (Id. ¶ 6.2.) A third option applies "in the case of a Participant who terminates his Service on a Disability Retirement Date." (Id. ¶ 6.1(b).) The "Disability Retirement Date" is defined by the Plan as "[a]ny day prior to a Participant's Normal Retirement Date or Early Retirement Date, but subsequent to his completion of ten Years of

Vesting Service and his attainment of age 45, on which he retires or is retired because of Disability." (Id. at 4 (emphasis added).) Plaintiff ceased working for WAVY-TV in 1993 and his request for benefits indicates that his disability began in 1997, so there is no dispute that Plaintiff did not retire "because of Disability."

Plaintiff points to the language of the Summary Plan Description ("SPD"), a document provided to employees to explain their benefits under the Plan, which indicates that "[i]f you become disabled, you can receive unreduced benefits from the plan, even if payments begin before age 65." (Pl.'s Mem. Opp'n Summ. J. Ex. 1 at 2.) This language, Plaintiff argues, indicates that a participant need not be an active employee when he becomes disabled to receive disability benefits under the Plan. By its own terms, however, the SPD does not control the language of the Plan, nor does the SPD constitute a contract between Plaintiff and LIN Broadcasting. (Def.'s Mot. Summ. J. Ex. C2 at 32.) The language of the Plan is clear. For a participant to receive disability benefits, he must retire on his Disability Retirement Date, which is a date he retires "because of Disability." Plaintiff, having retired long before he asserts his disability began, does not meet this requirement.

Despite this conclusion, the court cannot grant summary judgment for Defendant on these grounds. When Defendant denied Plaintiff's claim, he cited four primary reasons for doing so. Defendant noted that Plaintiff had failed to file a claim for

benefits with the Social Security Administration, that the records Plaintiff supplied did not indicate that he was unable to work in any occupation, that Plaintiff's medical records were untimely, and that, although the disability purportedly occurred in 1997, Plaintiff continued to work until 2001. (Pl.'s Mem. Opp'n Mot. Summ. J. Ex. 6.) No mention was made of Plaintiff's apparent ineligibility for benefits; indeed, Defendant seems to have proceeded from the position that Plaintiff was eligible,[3] and found reasons to deny the claim on the merits of Plaintiff's evidence. Allowing Defendant to raise a new basis for denial at this stage in the proceedings would deprive Plaintiff of the procedural protections provided by ERISA. Thompson v. Life Ins. Co. of N. Am., No. 01-1383, 2002 WL 337055, at *2 (4th Cir. March 4, 2002); see 29 U.S.C. § 1133 (requiring written notice of the "specific reasons" for denial of a claim, "written in a manner calculated to be understood by the participant"). Simply stated, this court "may not consider a new reason for claim denial offered for the first time on judicial review." Thompson, 2002 WL 337055, at *2.

---

[3] Even more telling, perhaps, is a letter Plaintiff received from Lynn Langelier, an executive assistant with LIN Broadcasting. That letter stated that "the committee is considering an amendment to the plan that would limit disabilities to employees actively working for the company at the time of the disability." (Pl.'s Mem. Opp'n Mot. Summ. J. Ex. 9.) This letter may not be a binding interpretation of the Plan, but it certainly indicates that there was some confusion regarding whether the Plan actually precluded Plaintiff's eligibility as Defendant now argues.

C. Defendant's Denial of Benefits

In denying Plaintiff's claim, Defendant essentially decided that Plaintiff was not disabled as defined by the Plan. The Plan defines Disability as:

> [p]hysical or mental incapacity which is likely to be permanent and which prevents a Participant from engaging in any occupation or performing any work for compensation or profit for which he is qualified by education, training or experience, as determined by the Committee in its sole discretion on the basis of medical evidence certified by a physician or physicians certified by it.

(Pl.'s Mem. Opp'n Summ. J. Ex. 2 at 2.) In support of his claim, Plaintiff originally submitted the reports of three medical professionals: Stephen Prefer, D.C., Sidney Loxley, M.D., and Spencer Johansen, D.C. After the denial of his claim, Plaintiff submitted a narrative prepared by Michael Willenborg, M.D. All of these reports agree that Plaintiff suffers from chronic, severe back pain and several related conditions. None of these reports, however, conclusively establish that Plaintiff is disabled within the meaning of the Plan.[4] Dr. Loxley, for

---

[4] In his brief in opposition to Defendant's motion for summary judgment, Plaintiff objects to the use of the term "total disability." Plaintiff argues that the Plan makes no mention of a "total disability" requirement. Plaintiff is correct as a technical matter; the Plan requires only a disability as defined above. Nonetheless, it is not improper for Defendant to discuss "total disability" in his brief because he is describing cases in which the relevant plans used the phrase "total disability" and had a definition similar to the definition of the term Disability as in this case. See, e.g., Elliott v. Sara Lee Corp., 190 F.3d 601, 603 n.1 (4th Cir. 1999) ("total disability" defined as "the continuous inability of the employee to engage in each and every occupation or employment for wage or profit for which he or she (continued...)

example, described Plaintiff as having "limited work capabilities," requiring no overhead work, no repetitive bending, and lifting limited to 20 pounds. (Def.'s Mot. Summ. J. Ex. C3.) Dr. Loxley also recommended that Plaintiff be able to lie down during the day to rest his back. (Id.) Dr. Willenborg made similar recommendations, suggesting no heavy lifting (more than 25 pounds), no bending or stooping, and no more than four hours of standing at any one time. (Id. Ex. C8.) None of the evidence Plaintiff submitted with his claim showed that he was prevented from "engaging in any occupation or performing any work for compensation or profit for which he is qualified by education, training or experience." Instead, Plaintiff's evidence showed that, at most, Plaintiff was limited in the work he could perform. See Elliott v. Sara Lee Corp., 190 F.3d 601, 606 (4th Cir. 1999) (concluding that the plaintiff had not shown a total disability as required by the plan, even where one of her physicians found it difficult to determine when she would be able to return to work full time, because all of the medical evidence presented showed that the plaintiff could perform at least some work, including clerical or administrative tasks). Based on this evidence, Defendant concluded that Plaintiff did not meet the

---

[4](...continued)
is reasonably qualified by education, training or experience"); Williams v. UNUM Life Ins. Co. of Am., 250 F. Supp. 2d 641, 644 (E.D. Va. 2003) (long-term disability attached when claimant was "unable to perform the duties of any gainful occupation for which [the claimant is] reasonably fitted by education, training or experience") (alteration in original).

definition of Disability. Plaintiff has submitted no additional evidence to this court that suggests Defendant's reading of the original evidence was an abuse of discretion.[5]

Plaintiff also contends that Defendant abused his discretion by taking into consideration Plaintiff's apparent failure to file an application for Social Security disability benefits with the Social Security Administration.[6] Plaintiff argues that including

---

[5] Although the court cannot consider new evidence when reviewing a decision for abuse of discretion, see Sheppard & Enoch Pratt Hosp. v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994) (holding that while "it may be appropriate for a court conducting a de novo review of a plan administrator's action to consider evidence that was not taken into account by the administrator, the contrary approach should be followed when conducting a review under . . . the abuse of discretion standard"), additional evidence submitted by Defendant reinforces his decision. In depositions, Plaintiff's medical care providers confirmed that their recommendations for Plaintiff did not restrict him from performing any job. (See Def.'s Mot. Summ. J. Ex. D at 34-35; Ex. E at 37-40; Ex. F at 42-43.) Moreover, Dr. Frank Rowan, a physician chosen by Defendant to examine Plaintiff after he filed his appeal, did not find the previous providers' restrictions unreasonable, and opined that Plaintiff "is certainly qualified for a light-duty PDL [physical demand level work], and he may be qualified for a great deal more" depending on what a more thorough examination showed. (Id. Ex. C11 at 3.) Finally, Defendant submitted the report of Maria Vargas, a vocational rehabilitation therapist, who, after reviewing Plaintiff's medical history and his past work experience, concluded that there are a variety of occupations available to Plaintiff in the Greensboro-Winston-Salem-High Point metropolitan area. (Id. Ex. C12 at 3-4.) This newer evidence confirms the correctness of Defendant's original determination. Nonetheless, the medical evidence before Defendant at the time benefits were denied was sufficient to permit a reasoned decision and to provide this court with adequate information to review the decision for abuse of discretion. See Elliott, 190 F.3d at 609.

[6] At the time Defendant made his decision, he believed Plaintiff had not filed for Social Security benefits. Defendant (continued...)

a requirement not found in the Plan's definition of Disability is an abuse of discretion. Plaintiff is correct that the Plan's definition of Disability includes no specific requirement that a claimant file an application for Social Security benefits. On the other hand, it does not appear that the failure to file such an application was the primary reason Defendant denied Plaintiff's claim. The denial letter from Defendant to Plaintiff indicates that the failure to apply for Social Security benefits was considered "strong evidence" against Plaintiff's claim, but the letter also notes other significant reasons, including the fact that Plaintiff's medical evidence did not sufficiently establish a disability. (Pl.'s Mem. Opp'n Summ. J. Ex. 6.) Moreover, Defendant has indicated that he never denies benefits to participants "based solely on their failure to provide a Social Security Administration Determination of disability," and that such a failure was not the sole basis for the denial of Plaintiff's claim in this case. (Pl.'s Reply Br. Supp. Cross-Mot. Summ. J. Ex. A. (Def.'s Ans. to Pl.'s First Set Interrogs. ¶ 14).)

The Fourth Circuit has suggested that, although a Social Security Administration ruling is not binding on a plan

---

[6](...continued)
later learned that Plaintiff had filed for such benefits in 1997 and had been denied. (Def.'s Mot. Summ. J. Ex. C14 at 9.) At the time of Defendant's decision, however, he was not aware of this denial or the falsity of Plaintiff's representation that he had not filed for such benefits. (Def.'s Mem. Supp. Mot. Summ. J. at 11 n.1.)

administrator or court, consideration of such a ruling is not impermissible, although some regard should be given to the similarity between the definition of disability used by a given plan and the Social Security Administration.[7] See Elliott, 190 F.3d at 607 ("Since Social Security determinations are not binding on the Appeal Committee and there is no indication that the disability standards are analogous, the Plan Administrator was under no obligation to weigh the agency's disability determination more favorably than other evidence."). The court cannot say that Defendant's consideration of Plaintiff's apparent lack of a Social Security filing was an abuse of discretion, particularly in light of the other evidence considered by Defendant which conclusively leads to the same result. As such, the court concludes that Defendant did not abuse his discretion in denying Plaintiff's application for disability benefits. Plaintiff's claim under ERISA therefore fails as a matter of law.

---

[7] The Social Security Administration's basic definition of disability is "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). In addition, the applicant must be "unable to do [his] past relevant work or any other substantial gainful work that exists in the national economy." Id. (internal citations removed). The court need not determine whether this definition is sufficiently similar to the Plan's definition, since there was no Social Security Administration ruling to be considered when Defendant made his determination. See Elliott, 190 F.3d at 607.

## III. CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment will be granted, and Plaintiff's Cross-Motion for Summary Judgment will be denied. A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 14th day of June 2004.

William L. Osteen
United States District Judge

11/9

(3)

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1920**

---

MARK A. WARD,

Plaintiff - Appellant,

versus

PETER E. MALONEY, Plan Administrator,

Defendant - Appellee.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CA-02-467-1)

---

Submitted: November 4, 2004 Decided: November 9, 2004

---

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mark A. Ward, Appellant Pro Se. Lucretia D. Guia, John Edward Pueschel, WOMBLE, CARLYLE, SANDRIDGE & RICE, PLLC, Winston-Salem, North Carolina; William McCardell Furr, John T. McDonald, WILLCOX & SAVAGE, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mark A. Ward appeals the district court's order awarding summary judgment to Peter A. Malony and dismissing his claim for wrongful denial of disability benefits. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. See Ward v. Maloney, No. CA-02-467-1 (M.D.N.C. filed June 14, 2004 & entered June 15, 2004). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

(4)

MARK A. WARD,

Plaintiff,

v.

PETER E. MALONEY,
Plan Administrator,

(SERVE UPON: ATTENTION: SECRETARY
LIN TELEVISION CORP.
ONE RICHMOND SQUARE,
SUITE 230E
PROVIDENCE, RI 02906)

Defendant.

CIVIL ACTION, FILE NO.

67

**COMPLAINT**

PLAINTIFF, MARK A. WARD, ALLEGES THAT:

1. PLAINTIFF IS A RESIDENT OF WINSTON-SALEM, NORTH CAROLINA AND AT ALL TIMES MATERIAL IN THIS ACTION HAS BEEN A PARTICIPANT UNDER THE LIN TELEVISION CORPORATION RETIREMENT PLAN.

2. THIS ACTION ARISES UNDER TITLE I OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA), 29 USC § 1001 et seq., AND MORE SPECIFICALLY, §§ 1109, 1132(a)(2) AND 1132(a)(3) OF SUCH ACT, AND THIS COURT HAS JURISDICTION UNDER ERISA § 502(e), 29 USC § 1132(e).

3. VENUE OF THIS ACTION IS PROPERLY LAID IN THE DISTRICT OF RHODE ISLAND BY VIRTUE OF ERISA § 502(e)(2), 29 USC § 1132(e)(2).

4. THE RETIREMENT PLAN OF LIN TELEVISION CORPORATION, REFERRED TO BELOW AS THE "PLAN", IS AN EMPLOYEE PENSION BENEFIT PLAN WITHIN THE MEANING OF ERISA § 3(2), 29 USC § 1002(2), ESTABLISHED TO PROVIDE RETIREMENT INCOME TO EMPLOYEES OF LIN TELEVISION CORPORATION, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF RHODE ISLAND, WITH ITS PRINCIPAL PLACE OF BUSINESS LOCATED AT ONE RICHMOND SQUARE, SUITE 230E, PROVIDENCE, RI 02906.

5. DEFENDANT, PETER E. MALONEY, IS, AND AT ALL TIMES MATERIAL IN THIS ACTION HAS BEEN, THE ADMINISTRATOR OF THE PLAN AND A NAMED FIDUCIARY WITH REGARD TO THE PLAN WITHIN THE MEANING OF 29 USC § 1102(a).

6. DEFENDANT ADMINISTRATOR FAILED TO DISCHARGE HIS FIDUCIARY DUTIES WITH RESPECT TO THE PLAN AS REQUIRED BY 29 USC §§ 1104(a)(1), IN THAT, AMONG OTHER THINGS:

a. DEFENDANT WILLFULLY PROVIDED PLAINTIFF, A PLAN PARTICIPANT, WITH MATERIALLY MISLEADING COMMUNICATIONS REGARDING THE PLAN.

b. DEFENDANT WILLFULLY FAILED TO COMPLY WITH THE TERMS OF THE PLAN.

7. PLAINTIFF REQUESTED OF THE LIN TELEVISION CORPORATION RETIREMENT PLAN, INFORMATION REGARDING THE PLAN. LETTER DATED AUGUST 25, 2001 ATTACHED AS EXHIBIT A.

8. DEFENDANT PROVIDED PLAINTIFF WITH SEVERAL INTENTIONAL MATERIAL MISREPRESENTATIONS. LETTER TO PLAINTIFF DATED SEPTEMBER 5, 2001 ATTACHED AS EXHIBIT B.

9. DEFENDANT MATERIALLY MISREPRESENTED TO PLAINTIFF THAT PLAINTIFF MUST BE CLEARLY AT DEATH'S DOOR TO QUALIFY FOR DISABILITY RETIREMENT BENEFITS UNDER THE PLAN. EXHIBIT B, PARAGRAPH 5.

10. DEFENDANT MATERIALLY MISREPRESENTED TO PLAINTIFF THAT A SOCIAL SECURITY ADMINISTRATION DETERMINATION WAS REQUIRED TO PROVE DISABILITY UNDER THE PLAN. EXHIBIT B, PARAGRAPH 5.

11. DEFENDANT MATERIALLY MISREPRESENTED TO PLAINTIFF THAT A SOCIAL SECURITY ADMINISTRATION DETERMINATION OF DISABILITY WAS REQUIRED TO APPLY FOR DISABILITY RETIREMENT BENEFITS UNDER THE PLAN. EXHIBIT B, PARAGRAPH 5.

12. PURSUANT TO THE LIN TELEVISION CORPORATION RETIREMENT PLAN'S GOVERNING "PLAN DOCUMENT", UNDER THE HEADING "DISABILITY", MEDICAL EVIDENCE CERTIFIED BY A PHYSICIAN IS REQUIRED TO PROVE DISABILITY. EXHIBIT C.

13. DEFENDANT ADMITTED (IN WRITING), EXHIBIT D, ANSWER TO INTERROGATORY NUMBER 13, THAT DEFENDANT HAS REPEATEDLY FAILED TO FOLLOW THE PLAN AND THAT HE HAS BEEN REQUESTING THAT ALL PLAN PARTICIPANTS PROVIDE A SOCIAL SECURITY ADMINISTRATION DETERMINATION TO PROVE DISABILITY, CONSTITUTING A BREACH OF DEFENDANT'S FIDUCIARY DUTY TO ALL PLAN PARTICIPANTS.

14. AS A RESULT OF DEFENDANT'S BREACH OF HIS FIDUCIARY DUTIES, PLAINTIFF'S DISABILITY PENSION BENEFITS THAT ARE GOVERNED UNDER ERISA, WAS IMPROPERLY DENIED BASED ON AN UNWRITTEN ELIGIBILITY RULE NOT CONTAINED IN THE PLAIN LANGUAGE OF THE PLAN, TO PLAINTIFF'S DETRIMENT.

WHEREFORE, PLAINTIFF REQUESTS THAT:

a. AS REMEDIAL RELIEF, DEFENDANT BE REQUIRED TO MAKE GOOD THE DEPRIVATION OF BENEFITS IN THE AMOUNT OF $1,276.42 FROM JUNE 1, 2002 AND CONTINUING, OWED TO PLAINTIFF UNDER THE PLAN DUE TO DEFENDANT'S BREACH OF HIS FIDUCIARY DUTIES AS REQUIRED BY 29 USC § 1109(a) AND 1132(a)(3)(B)(i); AND

b. DEFENDANT, HIS AGENTS, ATTORNEYS, AND ALL PERSONS ACTING IN CONCERT WITH HIM BE PERMANENTLY ENJOINED FROM ENGAGING IN ANY ACTS IN VIOLATION OF THE FIDUCIARY DUTIES IMPOSED ON THEM BY 29 USC § 1104 WITH RESPECT TO THE PLAN; AND

c. FOR SUCH OTHER AND FURTHER RELIEF AS JUSTICE MAY REQUIRE.

DATED September 10, 2003.

Mark A. Ward

MARK A. WARD, pro se
3421 OLD VINEYARD RD. #B 11
WINSTON-SALEM, NC 27103
PH. & FAX (336) 760-0282

(B)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MARK A. WARD,

Plaintiff,

v. CIVIL ACTION NO.: 03-416T

PETER MALONEY,
Plan Administrator,

Defendant.

NOV 05 2003
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**MOTION TO TRANSFER**

Defendant, Peter Maloney, Plan Administrator, by counsel, moves this Court to transfer this case to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. §§ 1404(a). The grounds for Defendants' Motion are as follows.

1. Plaintiff filed a lawsuit in North Carolina State Court in May, 2002. See Complaint attached as Exhibit 1. Defendant Peter Maloney ("Maloney") removed the action to the United States Dsitrict Court in the Middle District of North Carolina on June 12, 2002 seeking early retirement benefits under an ERISA qualified Plan. This suit is still pending as Civil Action No. 1:02cv00467.

2. Plaintiff filed the current action on September 10, 2003, alleging that the Plan Administrator, Peter Maloney ("Maloney"), breached his fiduciary duties. In this action Plaintiff also seeks to recover benefits under the Plan.

GRANTED
Ernest C. Torres
Ernest C. Torres
Chief, US District Judge
11/25/03

Motion_to_Transfer-#572850-v1-PROVIDENCE.DOC
11/03/03

9