UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARK A. WARD,

Plaintiff,

v. CA No. 05 093T

PETER E. MALONEY, Plan Administrator,

Defendant.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**

PLAINTIFF MARK A. WARD, OPPOSES DEFENDANT'S MOTION TO TRANSFER THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA. THE GROUNDS FOR PLAINTIFF'S OPPOSITION ARE AS FOLLOWS.

1. ON FEBRUARY 28, 2005, PLAINTIFF FILED THIS ACTION IN THIS COURT AGAINST DEFENDANT FOR FAILURE TO PROVIDE INFORMATION REQUIRED TO BE FURNISHED UNDER ERISA.

2. ON MARCH 28, 2005, PLAINTIFF PROPERLY FILED A MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 BECAUSE THERE IS NO INDICATION THAT A SUBSTANTIAL DEFENSE EXIST.

3. THE TIME ALLOWED BY THIS COURT FOR DEFENDANT TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT HAS EXPIRED AND DEFENDANT HAS FAILED TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. INSTEAD, DEFENDANT HAS FILED A TOTAL OF

13

THREE (3) MOTIONS, ONE BEING A DILATORY MOTION TO TOLL THE TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ANOTHER ONE BEING A SPECIOUS MOTION TO TRANSFER.

4. DEFENDANT HAS MISREPRESENTED TO THIS COURT THAT PLAINTIFF'S CURRENT ACTION IN THIS COURT IS BASED ON THE SAME ALLEGATIONS AS PLAINTIFF'S BREACH OF FIDUCIARY DUTY ACTION PENDING IN THE MIDDLE DISTRICT OF NORTH CAROLINA IN WHICH ALL MOTIONS WERE SUBMITTED OVER A YEAR AGO FOR DECISION.

5. DEFENDANT'S EVASIVE CONDUCT, FILING SPECIOUS MOTIONS AND FAILING TO COMPLY TO THIS COURT'S RULES BY NOT FILING A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHIN THE TIME ALLOWED IS DEMONSTRATION BY DEFENDANT THAT DEFENDANT MALONEY HAS NO DEFENSE TO ASSERT TO PLAINTIFF'S CLAIM.

6. DEFENDANT HAS FAILED TO ESTABLISH SUFFICIENT BASIS TO TRANSFER PLAINTIFF'S ACTION TO AN ALTERNATE FORUM.

7. PLAINTIFF'S ACTION IN THIS COURT SHOULD NOT BE TRANSFERRED TO AN ALTERNATE FORUM BECAUSE:

(a) PLAINTIFF BROUGHT THIS ACTION PROPERLY IN THIS DISTRICT UNDER SECTION 1132(e)(2);

(b) PLAINTIFF'S COMPLAINT IS A STRAIGHTFORWARD CLAIM FOR NONDISCLOSURE PENALTY, AND NO MATTER HOW DEFENDANT ATTEMPTS TO COMPLICATE THIS MATTER, THIS COURT HAS JURISDICTION OVER PLAINTIFF'S CLAIM;

(c) DEFENDANT HAS FAILED TO SHOW THE COURT THE EXISTENCE OF INFORMATION HE CONTENDS IS ESSENTIAL TO ANY OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT TO NECESSITATE DISCOVERY BEING RELEVANT IN THIS CASE. ANY DISCOVERY CONDUCTED IN THE PAST OR FUTURE WILL NOT ASSIST DEFENDANT WITH A DEFENSE TO PLAINTIFF'S CLAIM; AND

(d) TRANSFER WILL NOT SERVE THE INTEREST OF JUSTICE BECAUSE: (1) THE MIDDLE DISTRICT OF NORTH CAROLINA'S DOCKET IS ALREADY OVERBURDENED. MOTIONS REQUIRE UP TO NINE (9) MONTHS TO OVER A YEAR TO BE RULED ON; (2) TRANSFER WILL ONLY ASSIST DEFENDANT IN HIS EFFORTS TO DELAY PROCEEDINGS; AND (3) PLAINTIFF'S ACTION PENDING IN THE MIDDLE DISTRICT OF NORTH CAROLINA SEEKS EQUITABLE AND INJUNCTIVE RELIEF. A JUDGMENT BY THIS COURT REGARDING PLAINTIFF'S CLAIM FOR NONDISCLOSURE PENALTY UNDER § 1132(c) WOULD HAVE NO EFFECT OR CONNECTION TO A JUDGMENT RENDERED REGARDING PLAINTIFF'S CLAIM IN THE MIDDLE DISTRICT OF NORTH CAROLINA.

WHEREFORE, PLAINTIFF MARK A. WARD RESPECTFULLY REQUEST THAT DEFENDANT'S MOTION TO TRANSFER THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA BE DENIED.

DATED: April 18th, 2005.

Mark A. Ward, pro se

Mark A. Ward
170 Summit Street, #21
Rural Hall, NC 27045
Ph. & Fax (336) 969-4139

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of April, 2005, a true copy of the foregoing was mailed first class, postage prepaid, to:

Robert K. Taylor
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903

Mark A. Ward



FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARK A. WARD,

Plaintiff,

v. CA No. 05 093T

PETER E. MALONEY, Plan Administrator,

Defendant.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**

PLAINTIFF MARK A. WARD, OPPOSES DEFENDANT'S MOTION TO TRANSFER THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA. THE GROUNDS FOR PLAINTIFF'S OPPOSITION ARE AS FOLLOWS.

**PRELIMINARY STATEMENT**

PLAINTIFF IS A PLAN PARTICIPANT OF THE LIN TELEVISION CORPORATION RETIREMENT PLAN COVERED UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA), 29 U.S.C. § 1001, et. seq. DEFENDANT ADMINISTERS THE PLAN IN PROVIDENCE, RHODE ISLAND.

ON NOVEMBER 26, 2004, PLAINTIFF SENT A WRITTEN REQUEST, **EXHIBIT A**, TO DEFENDANT FOR INFORMATION REQUIRED TO BE FURNISHED UNDER ERISA. AFTER FOUR (4) REQUESTS FOR THE SAME INFORMATION AND AFTER FOUR (4) MONTHS SINCE PLAINTIFF'S INITIAL REQUEST AND DEFENDANT'S CONTINUOUS FAILURE TO PROVIDE PLAINTIFF WITH THE INFORMATION REQUIRED TO BE FURNISHED BY LAW, PLAINTIFF THEN

PROPERLY FILED THIS ACTION IN THIS COURT ON FEBRUARY 28, 2005.

ON MARCH 28, 2005, PLAINTIFF FILED A MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56.

ON APRIL 14, 2005, DEFENDANT FILED A DILATORY MOTION TO TRANSFER BECAUSE DEFENDANT CANNOT PRESENT TO THIS COURT ANY EVIDENCE TO ESTABLISH AN ESSENTIAL ELEMENT OF A DEFENSE TO ASSERT TO PLAINTIFF'S CLAIM. DEFENDANT'S MOTION TO TRANSFER IS BROUGHT FOR THE EXPRESS PURPOSE TO CAUSE DELAY.

## ARGUMENT

**PLAINTIFF'S COMPLAINT WAS BROUGHT IN THE PROPER VENUE UNDER SECTION 1132(e).**

UNDER SECTION 1132(e)(2), AN ERISA ACTION MAY ONLY BE BROUGHT "IN THE DISTRICT WHERE THE PLAN IS ADMINISTERED, WHERE THE BREACH TOOK PLACE OR WHERE DEFENDANT RESIDES OR MAY BE FOUND." See 29 U.S.C. § 1132(e)(2). IT IS UNDISPUTED THAT DEFENDANT RESIDES AND THE PLAN IS ADMINISTERED IN THE DISTRICT OF RHODE ISLAND. See COMPLAINT, ¶ 4. ACCORDINGLY, THE DISTRICT OF RHODE ISLAND IS THE APPROPRIATE VENUE BECAUSE THE DISTRICT OF RHODE ISLAND IS WHERE THE PLAN IS FOUND.

PLAINTIFF'S COMPLAINT ARISES FROM DEFENDANT'S FAILURE TO FURNISH INFORMATION REQUIRED TO BE FURNISHED UNDER ERISA. THIS ACTION IN THIS COURT DOES NOT ARISE OUT OF THE SAME ALLEGATIONS SUPPORTING THE ACTION ALREADY PENDING IN THE MIDDLE DISTRICT OF NORTH CAROLINA AND SHOULD NOT BE CONSOLIDATED. PLAINTIFF'S COMPLAINT IS A CAUSE OF ACTION THAT AROSE APPROXIMATELY SIXTEEN (16) MONTHS LATER THAN THE CAUSE OF ACTION PENDING IN THE MIDDLE

DISTRICT OF NORTH CAROLINA. THESE TWO ACTIONS HAVE NO CONNECTION AS REPRESENTED BY DEFENDANT, RENDERING CONSOLIDATION INAPPROPRIATE.

FURTHER, TRANSFER OF THIS CASE WILL ONLY ASSIST DEFENDANT IN HIS ATTEMPTS TO SECURE DELAY IN PROCEEDINGS. FIRST, PLAINTIFF BROUGHT THIS ACTION IN THE PROPER DISTRICT ACCORDING TO THE LAW (29 U.S.C. § 1132(e) ). PLAINTIFF'S COMPLAINT IS A STRAIGHTFORWARD ACTION FOR NONDISCLOSURE PENALTY IN WHICH PLAINTIFF'S CHOSEN FORUM IS PROPER. SECOND, THERE ARE **NO WITNESSES** IN THE MIDDLE DISTRICT OF NORTH CAROLINA THAT WOULD HAVE ANY INFORMATION RELEVANT TO OFFER REGARDING THIS ACTION. THERE IS **NO DISCOVERY** CONDUCTED IN THE PAST OR FUTURE THAT WILL ASSIST EITHER PARTY. THIRD, PLAINTIFF'S COMPLAINT IS AN ACTION FOR FAILURE TO DISCLOSE INFORMATION. PLAINTIFF HAS SHOWN THE COURT THAT AN AFFIRMATIVE REQUEST FOR INFORMATION WAS MADE TO DEFENDANT IN PROVIDENCE, RHODE ISLAND AND DEFENDANT FAILED TO PROVIDE THE REQUESTED INFORMATION REQUIRED TO BE FURNISHED UNDER ERISA. A JUDGMENT BY THIS COURT REGARDING PLAINTIFF'S CLAIM FOR NONDISCLOSURE PENALTY WOULD HAVE NO EFFECT OR CONNECTION TO A JUDGMENT RENDERED IN THE MIDDLE DISTRICT OF NORTH CAROLINA. THE MIDDLE DISTRICT HAS NO CONNECTION TO THIS MATTER EXCEPT THAT PLAINTIFF RESIDES IN NORTH CAROLINA. IN THIS CASE, PLAINTIFF HAS FILED HIS ACTION IN THE PROPER COURT, WHICH IS THE DISTRICT OF RHODE ISLAND.

THE ONLY CONVENIENCE OF TRANSFER WOULD BE TO ASSIST DEFENDANT IN HIS EFFORTS TO CAUSE DELAY AND TO CONTINUE TO OPPRESS PLAINTIFF.

1. PLAINTIFF PROPERLY BROUGHT THIS ACTION IN THE DISTRICT OF RHODE ISLAND PURSUANT TO 29 U.S.C. 1132(e), A FORUM CHOSEN TO CONFORM TO THE LAW;

2. THERE IS NO ALTERNATIVE FORUM FOR PLAINTIFF'S STRAIGHTFORWARD PENALTY FOR NONDISCLOSURE ACTION; AND

3. TRANSFER OF THIS ACTION WILL ONLY ASSIST DEFENDANT IN

    a) SECURING FURTHER DELAY;

    b) PREJUDICING PLAINTIFF;

    c) PURSUING FURTHER METHODS OF ESCAPING RESPONDING TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND

    d) BURDENING AN ALREADY OVERTAXED COURT (THE MIDDLE DISTRICT OF NORTH CAROLINA) WITH SPECIOUS MOTIONS TO CAUSE DELAY. (MOTIONS IN THE MIDDLE DISTRICT OF NORTH CAROLINA CAN TAKE UP TO NINE (9) MONTHS TO OVER A YEAR TO BE RULED ON).

TRANSFER OF THIS CASE WILL ONLY PROLONG PROCEEDINGS THAT THIS COURT HAS JURISDICTION OVER AND TRANSFER WOULD NOT BE IN THE BEST INTEREST OF JUSTICE. DEFENDANT HAS DEMONSTRATED TO THIS COURT THAT HE HAS NO DEFENSE AGAINST PLAINTIFF'S CLAIM, SO DEFENDANT HAS CHOSEN TO FILE DILATORY MOTIONS TO PROLONG PROCEEDINGS, WASTING THIS COURT'S TIME, WITH INTENTIONS TO BURDEN ANOTHER COURT WITH DELAY TACTICS, INSTEAD OF FACING THE MATTER PRESENTLY BEFORE THIS COURT, WHICH IS PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

**CONCLUSION**

UNDER ERISA, PLAINTIFF MAY BRING AN ACTION UNDER 1132(c)(1) IN A DISTRICT COURT OF THE UNITED STATES IN THE DISTRICT WHERE THE PLAN IS ADMINISTERED, WHERE THE BREACH TOOK PLACE, OR WHERE A DEFENDANT RESIDES OR MAY BE FOUND. THE DISTRICT OF RHODE ISLAND IS THE APPROPRIATE VENUE BECAUSE IT IS THE FORUM IN WHICH THE DEFENDANT RESIDES AND THE PLAN IS ADMINISTERED. BECAUSE THE MIDDLE DISTRICT OF NORTH CAROLINA IS NOT A DISTRICT SATISFYING ANY OF THESE REQUIREMENTS, PLAINTIFF HAS BROUGHT HIS CASE IN THE PROPER VENUE. ACCORDINGLY, THE DEFENDANT'S MOTION TO TRANSFER SHOULD BE DENIED.

ALSO, PURSUANT TO RULE 56(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE, "IF THE ADVERSE PARTY DOES NOT SO RESPOND, SUMMARY JUDGMENT, IF APPROPRIATE, SHALL BE ENTERED AGAINST THE ADVERSE PARTY." AS A RESULT OF DEFENDANT'S FAILURE TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHIN THE TIME ALLOWED BY THIS COURT AND THERE BEING NO ORDER ISSUED GRANTING DEFENDANT AN EXTENTION OF TIME TO RESPOND, THIS COURT SHOULD ENTER SUMMARY JUDGMENT AGAINST DEFENDANT PURSUANT TO RULE 56(e).

THIS THE 18th DAY OF APRIL, 2005.

Mark A. Ward, pro se

Mark A. Ward
170 Summit Street, #21
Rural Hall, NC 27045
Ph. & Fax (336) 969-4139

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of April, 2005, a true copy of the foregoing was mailed first class, postage prepaid, to:

Robert K. Taylor
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903

Mark A. Ward

FILED

Mark A. Ward
170 Summitt Street, #21
Rural Hall, NC 27045
Ph. & Fax (336) 969-4139

November 26, 2004

Via Certified Mail # 7003 2260 0002 5356 1242

Peter E. Maloney, Plan Administrator
LIN Television Corporation
One Richmond Square, Suite 230E
Providence, RI 02906

Dear Mr. Maloney:

Pursuant to the ERISA Act, Section 104, please provide me with a copy of the **SUMMARY OF MATERIAL MODIFICATIONS** notifying Plan Participants of an amendment to the plan that limit disability retirement benefits to employees actively working for the company at the time of disability.

Thank you for your assistance.

Very truly yours,

Mark A. Ward

Mark A. Ward

7003 2260 0002 5356 1242

U.S Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only. No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

PROVIDENCE RI 02906

| | |
|---|---|
| Postage | $ $0.37 |
| Certified Fee | $2.30 |
| Return Reciept Fee (Endorsement Required) | $1.[illegible] |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $4.42 |

NORTH POINT STATION USPS
NOV 26 2004
WINSTON-SALEM, NC 27116
0132
Postmark Here
11/26/2004

Sent To PETER E. MALONEY, PLAN ADMINISTRATOR
Street, Apt. No.; or PO Box No. 1 RICHMOND SQUARE, SUITE 230E
City, State, ZIP+4 PROVIDENCE, RI 02906

PS Form 3800 June 2002 See Reverse for Instructions

EXHIBIT
A