# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

MARK A. WARD,
Plaintiff,

v.

PETER E. MALONEY, Plan Administrator,
Defendant.

C.A. No. 05-093 T

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER

Defendant, Peter E. Maloney, Plan Administrator, by counsel, for his Reply to Plaintiff's Opposition to Defendant's Motion to Transfer, states as follows:

## PRELIMINARY STATEMENT

Defendant moved on April 14, 2005 to transfer this case to the Middle District of North Carolina and consolidate it with a case pending in that court involving the same parties and same underlying transactions and occurrences. Defendant had moved two days earlier to toll his time to respond to Plaintiff's Motion for Summary Judgment pending disposition of the Motion to Transfer. Plaintiff filed his Motion for Summary Judgment on March 26, 2005, the day after he filed the Complaint in this case.

Defendant's Motion to Toll His Time to Respond to Plaintiff's Motion for Summary Judgment was granted on April 19, 2005 by Judge Ernest C. Torres. On April 18, 2005, Plaintiff served his Opposition to Defendant's Motion to Transfer and supporting memorandum. Defendant received the Opposition on April 25, 2005.

Plaintiff bases his opposition on three basic grounds. First, Plaintiff claims that Defendant filed his Motion to Transfer for the improper purpose of delaying the disposition of

14

his Motion for Summary Judgment. Judge Torres' Order of April 19, 2005 renders this argument moot. Defendant accordingly limits his reply to the two remaining grounds.

Plaintiff argues in his Opposition and supporting memorandum that the District of Rhode Island is a proper venue for the case and that transferring the case to the Middle District of North Carolina will not serve the interests of justice. Plaintiff misinterprets the standard for whether the Court should transfer the case and ignores Defendant's argument for why the case should be transferred.[1]

## ARGUMENT

Whether this case should be transferred is a matter within the discretion of the Court. The language of 28 U.S.C. § 1404 is permissive and allows Courts to transfer cases based on "the convenience of the parties and witnesses, and in the interest of justice." 28 U.S.C. § 1404(a) (2005). Furthermore, the Court may transfer the case to "any district or division where it might have been brought." *Id.*

Plaintiff's argument that the District of Rhode Island is the "proper" venue for the case is therefore irrelevant. As long as the Middle District of North Carolina is an acceptable venue for the case, the Court may transfer the case there if, in its discretion, the convenience of the parties and witnesses and the interests of justice would best be served there. Defendant has set forth his argument for why the Middle District of North Carolina is an acceptable forum for this case and Plaintiff offers no opposition in his response. The Court should therefore transfer

---

[1] Plaintiff alleges that "Defendant has misrepresented to this court that Plaintiff's current action in this court is based on the same allegations as Plaintiff's breach of fiduciary duty action pending in [M.D.N.C.] … ." Pltff. Opp. at ¶ 4. Both actions involve Plaintiff and Mr. Maloney as parties and both actions allege violations of ERISA. *See* Def. Brf. Ex. 4. Furthermore, the actual language from Defendant's Memorandum in Support of His Motion to Transfer is that "Plaintiff's Complaint arises out of the same allegations supporting the action already pending in [M.D.N.C.] … ." Def. Brf. at 2. Both actions allege violations of ERISA with respect to a pension plan of which Defendant is the administrator and Plaintiff is ostensibly a beneficiary. Plaintiff's allegation that Defendant has misrepresented anything to the Court is wholly without merit.

the case as long as to do so would serve the convenience of the parties and witnesses and the interests of justice.

Plaintiff himself admits that he is a resident of North Carolina and can hardly argue that the Middle District of North Carolina is not a more convenient forum for him than the District of Rhode Island. Plaintiff offers no opposition to Defendant's claim that the Middle District of North Carolina would be a more convenient forum for him and any witnesses he may call.

Furthermore, Plaintiff states in a conclusory manner in his Opposition that no discovery is necessary in this case. Plaintiff ignores the fact that, in its Answer to Plaintiff's Complaint, Defendant wholly denied the factual allegations that give rise to Plaintiff's cause of action. *See* Answer ¶¶ 6-7. Defendant is well within his rights to conduct discovery in this case and the interests of justice would clearly be better served by allowing the Defendant to rely on any discovery previously conducted in the Middle District of North Carolina that is relevant to Plaintiff's claims.

Finally, Defendant relies on his previously stated position that the interests of justice weigh heavily in favor of transferring this case to the Middle District of North Carolina. Transfer will allow both cases to be consolidated, preserving judicial resources and avoiding duplication of effort by both parties. The U.S. District Court for the Middle District of North Carolina knows the parties and is intimately familiar with the core facts upon which Plaintiff bases this action, his third baseless attempt to collect damages on what he perceives to be Defendant's violations of ERISA. Transferring the case serves the vital interests of fairness and judicial economy.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Transfer this case to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a) should be granted.

PETER E. MALONEY, Plan Administrator,

By His Attorneys,

PARTRIDGE SNOW & HAHN LLP

Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

WILLCOX & SAVAGE, P.C.

William M. Furr
1800 Bank of America Center
Norfolk, VA 23510
(757) 628-5500
(757) 628-5566 FAX

DATED: April 28, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER was mailed by prepaid first class mail and certified mail, return receipt requested, on this 28 day of April, 2005 to:

Mark A. Ward, *pro se*
170 Summitt Street
No. 21
Rural Hall, NC 27045

797204_1/1095-10