UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARK A. WARD,

Plaintiff,

v. CA No. 05 093T

PETER E. MALONEY, Plan Administrator,

Defendant.

**PLAINTIFF'S MOTION FOR LEAVE TO APPEAR AT HEARING ON DEFENDANT'S MOTION TO TRANSFER**

PLAINTIFF MARK A. WARD, SEEKS RELIEF FROM BEING REQUIRED TO APPEAR AT THE HEARING ON DEFENDANT'S MOTION TO TRANSFER OF THIS MATTER SCHEDULED FOR MAY 20, 2005. IN SUPPORT OF HIS MOTION, PLAINTIFF WARD RESPECTFULLY STATES THE FOLLOWING:

1. PLAINTIFF WARD IS A PLAN PARTICIPANT OF A RETIREMENT PLAN GOVERNED UNDER ERISA IN WHICH PLAINTIFF SEEKS PENALTY FOR FAILURE TO DISCLOSE INFORMATION REQUIRED TO BE FURNISHED UNDER ERISA. PLAINTIFF RESIDES IN RURAL HALL, NORTH CAROLINA. ALTHOUGH PLAINTIFF RECOGNIZES THE IMPORTANCE OF PLAINTIFF BEING PRESENT AT THE SCHEDULED HEARING, HE RESPECTFULLY SUGGESTS TO THE COURT THAT HIS APPEARANCE AT THE MAY 20, 2005 HEARING ON DEFENDANT'S MOTION TO TRANSFER WOULD POSE A HARDSHIP ON HIM AS A RESULT OF THE DISTANCE HE WOULD BE REQUIRED TO TRAVEL GIVING PLAINTIFF'S ADVERSE FINANCIAL POSITION.

15

2. PLAINTIFF PROPERLY FILED A MOTION FOR SUMMARY JUDGMENT ON MARCH 28, 2005, AND DEFENDANT HAS NOT AS OF YET FILED A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO THIS COURT'S RULES. INSTEAD, DEFENDANT HAS FILED THREE (3) MOTIONS AFTER PLAINTIFF'S "FIRST FILED" MOTION FOR SUMMARY JUDGMENT.

3. DEFENDANT'S MULTIPLE MOTION FILINGS INSTEAD OF RESPONDING TO PLAINTIFF'S "FIRST FILED" MOTION FOR SUMMARY JUDGMENT STRONGLY SUGGESTS THAT DEFENDANT HAS NO DEFENSE AGAINST PLAINTIFF'S CLAIM AND THAT DEFENDANT'S MULTIPLE MOTION FILINGS INSTEAD OF RESPONDING TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS NOTHING MORE THAN ATTEMPTS TO DELAY PROCEEDINGS AND TO PREJUDICE PLAINTIFF. THE ABOVE-DESCRIBED MOTIONS FILED BY DEFENDANT WERE FILED AFTER PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN THE INTEREST OF JUSTICE AND FAIRNESS, DEFENDANT SHOULD BE REQUIRED TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BEFORE PLAINTIFF HAS TO RESPOND TO ANYMORE OF DEFENDANT'S MOTIONS TO INCLUDE PLAINTIFF NOT BEING REQUIRED TO ATTEND A HEARING ON DEFENDANT'S MOTION TO TRANSFER.

4. GIVEN THE SUBSTANTIAL TRAVEL REQUIRED DUE TO PLAINTIFF'S RESIDENCE IN NORTH CAROLINA AND PLAINTIFF'S ADVERSE FINANCIAL POSITION, PLAINTIFF RESPECTFULLY REQUESTS THE COURT TO PROVIDE HIM THIS RELIEF.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT GRANT THIS MOTION AND THE COURT GRANT FURTHER RELIEF AS IT DEEMS JUST AND APPROPRIATE.

DATED: May 4, 2005.

Mark A. Ward, pro se

Mark A. Ward
170 Summit Street, #21
Rural Hall, NC 27045
Ph. & Fax (336) 969-4139

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2005, a true copy of the foregoing was mailed first class, postage prepaid, to:

Robert K. Taylor
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903

Mark A. Ward

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARK A. WARD,

Plaintiff,

v. CA No. 05 093T

PETER E. MALONEY, Plan Administrator,

Defendant.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR LEAVE TO APPEAR AT HEARING ON DEFENDANT'S MOTION TO TRANSFER**

PLAINTIFF MARK A. WARD, SEEKS RELIEF FROM BEING REQUIRED TO APPEAR AT THE HEARING ON DEFENDANT'S MOTION TO TRANSFER OF THIS MATTER SCHEDULED FOR MAY 20, 2005, AND IN SUPPORT THEREOF STATES AS FOLLOWS.

**PRELIMINARY STATEMENT**

PLAINTIFF IS A PARTICIPANT OF THE LIN TELEVISION CORPORATION RETIREMENT PLAN COVERED UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA), 29 U.S.C. § 1001, et. seq.

ON NOVEMBER 26, 2004, AN AFFIRMATIVE REQUEST FOR INFORMATION WAS MADE TO DEFENDANT. DEFENDANT HAS FAILED TO PROVIDE THE INFORMATION REQUESTED WITHIN THE STATUTORY 30-DAY PERIOD.

NINETY-ONE (91) DAYS LATER, PLAINTIFF PROPERLY BROUGHT THIS ACTION IN THIS COURT WHICH WAS FILED ON FEBRUARY 28, 2005.

TWENTY-EIGHT (28) DAYS LATER, ON MARCH 28, 2005, PLAINTIFF'S "FIRST FILED" MOTION FOR SUMMARY JUDGMENT WAS PROPERLY FILED IN THIS COURT. INSTEAD OF DEFENDANT FILING A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DEFENDANT HAS FILED A TOTAL OF THREE (3) MOTIONS AFTER PLAINTIFF'S "FIRST FILED" MOTION FOR SUMMARY JUDGMENT.

ALTHOUGH, PURSUANT TO RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE,

> IF THE ADVERSE PARTY DOES NOT SO RESPOND, SUMMARY JUDGMENT, IF APPROPRIATE, SHALL BE ENTERED AGAINST THE ADVERSE PARTY,

PLAINTIFF HAS HAD TO RESPOND TO DEFENDANT'S MOTIONS FILED AFTER PLAINTIFF'S "FIRST FILED" MOTION FOR SUMMARY JUDGMENT.

## ARGUMENT

### I. PLAINTIFF'S APPEARANCE AT DEFENDANT'S MOTION TO TRANSFER WOULD POSE A HARDSHIP ON PLAINTIFF.

ON MARCH 7, 2005, THIS COURT GRANTED PLAINTIFF, A PRO SE LITIGANT, PERMISSION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915 AS A RESULT OF PLAINTIFF'S INABILITY TO AFFORD THE COST OF BRINGING THIS ACTION. PLAINTIFF'S ADVERSE FINANCIAL POSITION CONTINUES AND PLAINTIFF HAS NO MEANS TO TRAVEL TO RHODE ISLAND TO APPEAR AT THE HEARING OF DEFENDANT'S MOTION TO TRANSFER SCHEDULED FOR MAY 20, 2005.

DEFENDANT HAS UNLIMITED RESOURCES AND HAS THE CAPABILITY TO HAVE REPRESENTATION APPEAR AT THE MOTION HEARING FOR DEFENDANT

REGARDLESS OF THE COST INVOLVED. ON THE OTHERHAND, PLAINTIFF, AN INDIGENT PROCEEDING PRO SE, DOES NOT HAVE THE RESOURCES THAT DEFENDANT HAS AND PLAINTIFF IS UNABLE TO EMPLOY COUNSEL.

PLAINTIFF FILED THIS ACTION IN A COURT OF PROPER VENUE, AND DEFENDANT NOW WANTS TO TRANSFER THIS ACTION TO ANOTHER DISTRICT. IMPOSING A SPECIAL ADDITIONAL VENUE HURDLE UPON ERISA PLAINTIFF'S RUNS CONTRARY TO THE PLAINLY ARTICULATED CONGRESSIONAL INTENT TO LIBERALIZE ERISA JURISDICTIONAL PROCEDURE. DEFENDANT'S INTENTIONS ARE TO HAMPER EFFECTIVE ENFORCEMENT OF ERISA BY ATTEMPTING TO TRANSFER THIS MATTER AS A DEFENSE INSTEAD OF RESPONDING TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO THIS COURT'S RULES. DEFENDANT'S MULTIPLE MOTION FILINGS INSTEAD OF RESPONDING TO PLAINTIFF'S "FIRST FILED" MOTION FOR SUMMARY JUDGMENT IS DEMONSTRATION BY DEFENDANT THAT MALONEY HAS NO DEFENSE TO PLAINTIFF'S CLAIM AND NOW DEFENDANT IS ATTEMPTING TO UTILIZE JURISDICTIONAL ISSUES TO HAMPER PLAINTIFF'S EFFORTS TO REDRESS MALONEY'S VIOLATIONS OF ERISA, THEREBY UNDERMINING CONGRESS' INTENT.

**II. DEFENDANT SHOULD BE REQUIRED TO RESPOND TO PLAINTIFF'S "FIRST FILED" MOTION FOR SUMMARY JUDGMENT BEFORE MALONEY'S DILATORY MOTION TO TRANSFER IS ADDRESSED.**

IN MAY 2002, PLAINTIFF PROPERLY FILED AN ACTION IN THE MIDDLE DISTRICT OF NORTH CAROLINA AGAINST DEFENDANT MALONEY FOR BREACH OF CONTRACT, AN ACTION ENTITLED Ward v. Maloney, CIVIL ACTION NO. 1:02cv467. PLAINTIFF'S BREACH OF CONTRACT ACTION WAS PROPERLY FILED IN THE DISTRICT IN WHICH THE BREACH TOOK PLACE,

WHICH WAS THE MIDDLE DISTRICT OF NORTH CAROLINA. DEFENDANT THEN FILED A DILATORY MOTION TO TRANSFER PLAINTIFF'S ACTION TO ALTERNATE DISTRICTS, ONE BEING THE DISTRICT OF RHODE ISLAND. **EXHIBIT A**, Second page, (page numbered 8);

> Defendant notes that the **District of Rhode Island** is also an appropriate venue for transfer, because it is the forum in which the defendant resides and the plan is administered.

THIS COURT MUST VIEW DEFENDANT'S MOTION TO TRANSFER PLAINTIFF'S ACTION FOR WHAT IT ACTUALLY IS, WHICH IS BROUGHT FOR THE PURPOSE OF DELAY. WHEN PLAINTIFF PROPERLY FILED HIS BREACH OF CONTRACT ACTION IN THE MIDDLE DISTRICT OF NORTH CAROLINA, DEFENDANT FILED A DILATORY MOTION TO TRANSFER PLAINTIFF'S ACTION TO THE DISTRICT OF RHODE ISLAND. NINE (9) MONTHS LATER, DEFENDANT'S MOTION TO TRANSFER WAS DENIED. **EXHIBIT B.** NOW, PLAINTIFF HAS PROPERLY FILED HIS ACTION IN THE DISTRICT OF RHODE ISLAND, AND DEFENDANT NOW WANTS TO TRANSFER PLAINTIFF'S ACTION TO NORTH CAROLINA.

DEFENDANT HAS FAILED TO STATE WITH ANY PRECISION WHAT DEFENDANT WILL ACCOMPLISH BY TRANSFERRING PLAINTIFF'S CLAIM AND EXACTLY HOW TRANSFER WILL HELP IN OPPOSING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

IT SHOULD BE CLEAR FROM THE PLEADINGS, DEFENDANT'S ADMISSIONS, PLAINTIFF'S AFFIDAVIT ON FILE, AND DEFENDANT'S LACK OF AFFIDAVITS, THAT THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT THAT WOULD NECESSITATE FURTHER PROCEEDINGS.

PLAINTIFF HAS MADE A PRIMA FACIE SHOWING THAT THE STANDARD FOR OBTAINING SUMMARY JUDGMENT HAS BEEN SATISFIED, AND DEFENDANT HAS THUS FAR FAILED TO SHOW THE COURT A FACTUAL RESPONSE DEMONSTRATING A GENUINE ISSUE OF MATERIAL FACT THAT REQUIRES A TRIAL, THEREFORE, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE ADDRESSED BEFORE DEFENDANT'S DILATORY MOTION TO TRANSFER IS ADDRESSED.

**CONCLUSION**

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT GRANT THIS MOTION, THAT THE COURT RULE ON THE DEFENDANT'S MOTION TO TRANSFER WITHOUT ORAL HEARING, AND IN THE INTEREST OF JUSTICE, FUNDAMENTAL FAIRNESS, AND TO EXPEDITE THE COURT'S BUSINESS, PLAINTIFF REQUESTS THAT DEFENDANT'S DILATORY MOTION TO TRANSFER BE STAYED PENDING THE DETERMINATION OF PLAINTIFF'S "FIRST FILED" MOTION FOR SUMMARY JUDGMENT, AND THE COURT GRANT FURTHER RELIEF AS IT DEEMS JUST AND APPROPRIATE.

DATED: May 4, 2005.

Mark A. Ward, pro se

Mark A. Ward
170 Summit Street, #21
Rural Hall, NC 27045
Ph. & Fax (336) 969-4139

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2005, a true copy of the foregoing was mailed first class, postage prepaid, to:

Robert K. Taylor
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903

Mack A. Ward

FILED
JUN 19 2002
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:02CV00467

MARK A. WARD,

Plaintiff,

v.

PETER MALONEY,
Plan Administrator,

Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS OR TRANSFER**

Defendant, Peter Maloney, by counsel, moves this Court to dismiss this case for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure, or, in the alternative, to transfer this case to the United States District Court for the Eastern District of Virginia, Norfolk Division, and in support thereof states as follows.

**PRELIMINARY STATEMENT**

Plaintiff is a former employee of WAVY-TV, a television station located in the Eastern District of Virginia, Norfolk Division. Plaintiff also resided in this district during his employment with WAVY. As a WAVY employee, Plaintiff participated in a retirement plan covered under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq*. Defendant administers the plan in Providence, Rhode Island. Plaintiff participated in the plan until he left his employment with WAVY in 1993. Several years after leaving his employment with WAVY, Plaintiff moved to Winston-Salem, North Carolina.

EXHIBIT
A

Defendant moves that the Court transfer the case to the Eastern District of Virginia, Norfolk Division.[2]

## CONCLUSION

Under ERISA, Plaintiff may only bring an action for benefits in a district where the plan is administered, the plan resides, the plan is found, or the alleged breach occurred. Because the Middle District of North Carolina is not a district satisfying any of these requirements, Plaintiff has brought his case in an improper venue. Accordingly, the case should be dismissed under Federal Rule of Civil Procedure 12(b)(3). In the alternative, the Court should transfer the action to the Eastern District of Virginia, Norfolk Division in accordance with 28 U.S.C. 1406(a).

This the 19th day of June, 2002.

HAYNSWORTH BALDWIN
JOHNSON & GREAVES LLC

Lucretia D. Guia /PWR

Lucretia D. Guia
N.C. State Bar No. 17992

P.O. Box 13310
Greensboro, NC 27415-3310
336.375.9737

William M. Furr (VSB No. 29554)
WILLCOX & SAVAGE, P.C.
1800 Bank of America Center
Norfolk, VA 23510
757.628.5500

---

2 Defendant notes that the District of Rhode Island is also an appropriate venue for transfer, because it is the forum in which the defendant resides and the plan is administered.

15. ENTERED ON DOCKET D/cm

MAR 24 2003

BY: ________

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARK A. WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:02CV00467 |
| | ) | |
| PETER E. MALONEY, Plan Administrator, | ) | |
| | ) | |
| Defendant. | ) | |

FILED MAR 21 2003 IN THIS OFFICE Clerk, U. S. District Court Greensboro, N. C. By

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

This matter is now before the court on Defendant Peter E. Maloney's Motion to Dismiss or Transfer[1] for want of proper venue. Also before the court are Plaintiff Mark A. Ward's Application to Proceed in forma pauperis and Motion for Appointment of Counsel. For the reasons set forth below, Defendant's motions will be denied, Plaintiff will be permitted to proceed in forma pauperis, and Plaintiff's Motion for Appointment of Counsel will be denied.

[1] For clarity, the court will hereafter treat this motion as two separate but related motions: Defendant's Motion to Dismiss [pleading 2-1] and Defendant's Motion to Transfer [pleading 2-2].

EXHIBIT B